UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL BORGES,<br><br>        Plaintiff,<br><br>-against-<br><br>SCHENECTADY COUNTY JAIL; JOHN DOE; JOHN DOE; SCHENECTADY COUNTY JAIL MEDICAL SERVICES; AN EMPLOYEE OF CORR. MED. INC.; JOHN DOE 1-4; JOHN DOE 1-4,<br><br>        Defendants. | 20-CV-1685 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in Washington Correctional Facility in Comstock, Washington County, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants violated his federal constitutional rights. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

  Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

  Plaintiff alleges that the defendants were deliberately indifferent to his medical needs while he was detained in the Schenectady County Jail. Because Plaintiff does not allege that any

defendant resides in this district[1] or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Schenectady County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court further directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 27, 2020
       New York, New York

                                                COLLEEN McMAHON
                                           Chief United States District Judge

---

[1] Plaintiff fails to provide addresses for any of the defendants. The named defendants whose addresses are readily apparent – the Schenectady County Jail and the Schenectady County Jail Medical Services – do not reside in this District.